# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

VICTOR CANIZALES, and AURORA )
CANIZALES, husband and wife, )
                                            )
             Plaintiffs, )
vs. ) NO. CIV-14-1023-HE
                                            )
STATE FARM FIRE AND CASUALTY )
COMPANY and RITA WALLENBERG )
                                            )

## ORDER

Plaintiffs Victor and Aurora Canizales filed this action in Oklahoma state court against State Farm Fire and Casualty ("State Farm"), their insurance company, and Rita Wallenberg, their insurance agent, seeking to recover for damage their home allegedly sustained as the result of a tornado in May 2013. They asserted claims against State Farm for breach of contract and bad faith based on its handling of their insurance claim. They also asserted constructive fraud, breach of fiduciary duty and various negligence claims against both defendants related to plaintiffs' original purchase of their homeowners' insurance policy from Ms. Wallenberg. State Farm removed the case pursuant to 28 U.S.C. § 1332, asserting that Ms. Wallenberg had been fraudulently joined to defeat diversity jurisdiction. Plaintiffs then filed a motion to remand and the court allowed defendant[1] to conduct limited discovery pertinent to the jurisdictional issue (specifically to depose plaintiffs). The motion is now at issue.

---

[1]Although there are two defendants, as only State Farm actively participated in the action after removal, the court will refer to defendant, rather than defendants.

State Farm had sought to depose plaintiffs while the case was still in state court. For various reasons, including the consolidation of this action with ten other Moore tornado cases for discovery and pre-trial matters, mediation efforts and, according to defendant, plaintiffs' attempt to "run the [removal] clock," that had not occurred. Doc. #15, p. 6. Close to the one year deadline for removal set by 28 U.S.C. § 1446(c)(1), State Farm removed the action. It relied on a motion to quash deposition notice that plaintiffs' counsel had filed, as the "motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiffs contend that this case should be remanded because State Farm waived its right to remove by seeking substantive relief from the state court, because the removal is untimely and because State Farm cannot meet its burden of showing that defendant Wallenberg was fraudulently joined. Having considered the parties' multiple briefs and exhibits, the court concludes the case should be sent back to state court.

The Tenth Circuit has held that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove." Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998). State Farm argues that it was not until plaintiffs moved to quash the deposition subpoenas that they were able to "intelligently ascertain removability." Id. Plaintiffs do not dispute that. Rather they claim the case never became removable. Doc. #8, p. 14, Motion to Remand ( "Nothing has occurred during litigation to cause the case to become removable."). The actions taken by State Farm in state court

2

occurred before its right to remove was "clearly determinable." Akin, 156 F.3d at 1035. Defendant did not, therefore, waive its right to remove the case to federal court.[2]

That leaves the questions of whether the removal was timely and whether State Farm can meet its "heavy burden" of establishing fraudulent joinder. Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013). As it concludes State Farm has failed to prove its allegation of fraudulent joinder, the court does not have to determine whether the removal was within the time limitations set by 28 U.S.C. § 1446(c)(1) or whether, where fraudulent joinder is the issue, the referenced time limits even apply.[3]

"'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Dutcher, 733 F.3d at 988 (quoting Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir.2011)). After disputed questions of fact and ambiguities in the controlling law are resolved in favor of the non-removing party, the court then determines whether "'that party has any possibility of recovery against the party whose joinder is questioned.'" Montano v. Allstate Indem., 2000 WL 525592, at *1 (10th Cir. 2000) (quoting Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000)). "[T]he court must decide whether there is a reasonable basis to believe the

---

[2]*The court also would be reluctant to find waiver in circumstances such as these where a plaintiff may have impeded a defendant's ability to determine removability.*

[3]*The court notes that the parties apparently did not consider the potential applicability of 28 U.S.C. §1446(c)(1), which provides that a case may be removed more than a year after commencement of the action if " the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."*

3

plaintiff might succeed in at least one claim against the non-diverse defendant." Nerad v. AstraZeneca Pharms., Inc., 203 Fed.Appx. 911, 913 (10th Cir. 2006). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.*

In their state court petition plaintiffs alleged negligent procurement, constructive fraud and negligent misrepresentation, negligence, and breach of fiduciary duty claims against Ms. Wallenberg. The court agrees with State Farm that plaintiffs' principal complaint is based on State Farm's alleged mishandling of their insurance claim, rather than Ms. Wallenberg's conduct in connection with the sale of the policy. It also agrees with State Farm that some of plaintiffs' claims in their petition against Ms. Wallenberg lack factual or legal support. Nonetheless, considering the evidence plaintiffs have offered in support of their negligent procurement claim against the insurance agent, at least insofar as it relates to their claim for personal property coverage, the court "cannot say that plaintiffs have no possibility of recovery against Ms. [Wallenberg]." Montano, 2000 WL 525592, at *4.

Plaintiffs allege that Ms. Wallenberg failed to procure full replacement coverage on their dwelling. Under Oklahoma law "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." Swickey v. Silvey Cos., 979 P.2d 266, 269 (Okla.Civ.App. 1999). [4]

---

[4]*The court cites decisions of the Oklahoma Court of Civil Appeals for their persuasive value. See 20 Okla. Stat. § 30.5 (("No opinion of the Court of Civil Appeals shall be binding or cited as*

4

Plaintiffs have alleged and provided evidence that Mr. Canizales met with Ms. Wallenberg and understood that he and his wife were purchasing full replacement coverage for their home – coverage that would allow them to rebuild their residence if it were completely destroyed. Plaintiffs also have submitted evidence that the agent calculated the estimated replacement cost for their home using the wrong square footage, 900 rather than 1,040 square feet. While their home was not completely destroyed by the tornado and they did have sufficient coverage to repair it, Mrs. Canizales testified that they did not have sufficient insurance to replace all their personal property. Plaintiffs provided evidence that their personal property coverage was calculated as a percentage of the coverage that was placed on their dwelling. They assert that if they were underinsured on their dwelling, they automatically were underinsured on their personal property. That is enough to state a viable claim for negligence against Ms. Wallenberg, particularly since the federal courts do not, as a matter of course, pre-try "doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967).

 Defendant "needed to clear a high hurdle" to prove fraudulent joinder. Dutcher, 733 F.3d at 989. While the question is close, and the nature of plaintiffs' claims and pre-removal litigation conduct raise troubling issues, the court concludes defendant has not made the necessary showing. As a result, it cannot disregard Ms. Wallenberg's citizenship for removal

---

*precedent unless it shall have been approved by the majority of the justices of the Supreme Court for publication in the official reporter.").*

purposes and diversity jurisdiction has therefore not been established.  The case will be remanded.

In their motion, plaintiffs request an award of attorney's fees.  When a case is remanded to state court under 28 U.S.C. § 1447(c), the nonremoving party may recover its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*  However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  Under this standard, plaintiffs are not entitled to a fee award.

Plaintiffs' motion to remand [Doc. #8] is **GRANTED**.  This action is **REMANDED** to the District Court of Cleveland County.

**IT IS SO ORDERED**.

Dated this 8th day of May, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE